STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
November 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

EDWARD C. WILKE,
**Claimant Below, Petitioner**

**vs.)    No. 13-0905** (BOR Appeal No. 2048195)
                    (Claim No. 2013002141)

WAL-MART ASSOCIATES, INC.,
**Employer Below, Respondent**


MEMORANDUM DECISION

Petitioner Edward C. Wilke, by Jonathan C. Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wal-Mart Associates, Inc., by Karin L. Weingart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 6, 2013, in which the Board reversed a March 8, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 24, 2012, decision which rejected the claim for bilateral carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wilke, a bay supervisor, alleges that he developed carpal tunnel syndrome in the course of his employment. An EMG conducted on July 30, 2012, showed that Mr. Wilke had bilateral carpal tunnel syndrome, and a treatment note by Vic Wood, D.O., indicates that he began experiencing symptoms when he switched jobs in May of 2012. Mr. Wilke stated in a letter to the Office of Judges that he switched jobs in April of 2012 and his symptoms developed approximately one month later. He asserted that his job is repetitive because he has to screw and unscrew oil filters, use a wrench, and replace tires. A Wal-Mart Associates, Inc., job description

1

of Mr. Wilke's employment duties indicates his job requires grasping, turning, and manipulating objects of varying sizes and weights. It also requires fine motor skills. He has to be able to lift, move, and carry up to fifty pounds without assistance.

The claims administrator rejected the claim on August 24, 2012. The Office of Judges reversed the claims administrator's decision and held the claim compensable for bilateral carpal tunnel syndrome in its March 8, 2013, Order. It found that a preponderance of the evidence indicates that Mr. Wilke has bilateral carpal tunnel syndrome, which is occupational in nature. West Virginia Code of State Rules § 85-20-41.4 (2006) lists several non-work-related factors that can cause carpal tunnel syndrome; however, no evidence was offered to indicate any of those factors exist in the instant claim. Mr. Wilke testified that he is a supervisor and he also has to perform service work including changing oil and tires. The Office of Judges found that the fact that his symptoms began weeks after starting his new job duties does not mean that his condition is non-occupational. Further, the Office of Judges stated that the symptoms began weeks after beginning the new job and continued to worsen over the next four years. The Office of Judges held that Mr. Wilke provided a credible scenario as to how his job duties caused him to develop carpal tunnel syndrome and no evidence was presented to contradict his assertion.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decision rejecting the claim in its August 6, 2013, decision. The Board of Review found that the Office of Judges materially misstated the evidentiary record. The Office of Judges stated that Mr. Wilke's symptoms began a few weeks after beginning his new job and worsened over the following four years. However, the Board of Review found that Mr. Wilke stated in his letter to the Office of Judges that his symptoms began a month after performing his new job duties, which began in April of 2012. The Board of Review also found that a treatment note by Dr. Wood dated August 8, 2012, indicates that he diagnosed arthropathy and carpal tunnel syndrome, but he did not provide an opinion as to the etiology of either condition. Also, the physician who completed the claim application did not indicate that Mr. Wilke's condition was the result of an occupational injury or disease.

On appeal, Mr. Wilke argues that he presented sufficient evidence to show that he developed carpal tunnel syndrome as a result of his employment. Wal-Mart Associates, Inc., asserts that there are no medical reports of record to indicate a causal connection between Mr. Wilke's carpal tunnel syndrome and his employment duties. After review, this Court agrees with the reasoning and conclusions of the Board of Review. There is no evidence of record to indicate a causal connection between Mr. Wilke's job duties and his development of carpal tunnel syndrome. Further, West Virginia Code of State Rules § 85-20-41.6 (2006) provides that work-related carpal tunnel syndrome is associated with years of repetitive activity. Mr. Wilke stated in his letter that his symptoms began approximately one month after he began his new job. Carpal tunnel syndrome that develops within weeks or months of exposure suggests a pre-existing condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

2

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman